John King *vs.* Isaac R. Harrington and Josiah King.—*IN* Chittenden,
CHANCERY.
December,
1826.

One of two mortgagees in a mortgage given for the security of a joint debt, having assigned all his interest in the mortgaged premises, and the other having been paid his equitable portion of the debt, the assignee can sustain a bill by himself and in his own name, to foreclose the equity of re-demption.

Although in such case, the joint creditor who has been paid, is tenant in common with the assignee of the legal estate in the land, still, he holds only an estate *in trust* for the assignee, and if he pre-sume to meddle, may be compelled in equity to quitclaim to the assignee.

The assignment by a mortgagee of his mortgage interest, does of itself convey the right to receive payment on the notes described in the mortgage. And an assignment by endorsement on the notes is unnecessary, in case of a *bona fide* sale and a *delivery* of the notes to the assignee of the mort-gage interest in the land.

Possession of the notes by the assignee of the mortgage is necessary to rebut the presumption of pay-ment arising from their absence, but is not essential to convey the right.

JOSIAH KING being indebted to William C. Harrington and Thadeus Tuttle, by sundry notes, in the sum of $1016, to secure the payment of said sum, on the first day of March, 1808, mort-gaged to them certain lands in Burlington. Afterwards, *Tuttle*, (as was alleged in the bill) in consideration of one half the amount of said notes, assigned to the orator his moiety of the mortgaged premises, by an instrument, signed, sealed and ac-knowledged by him the said Tuttle, in due form of law. After-wards, the said *Josiah King* paid to the said *William C. Harring-ton* one half of the amount then due upon said notes, being the amount of the said *William C. Harrington's* interest therein, whereupon he *delivered* the said notes to the orator. Josiah King subsequently mortgaged the same lands to the other de-fendant, *Isaac R. Harrington*, who went into possession of the premises, *William C. Harrington* having deceased in the mean time.

The orator, as assignee of *Tuttle*, brought his bill in chancery against the mortgager and *Isaac R. Harrington*, praying that the defendants might be decreed to pay to him the one half of said sum of money, &c. and that in default thereof, their equity of redemption in the premises be foreclosed, &c.

*Josiah King* not appearing, the bill was taken as confessed, as against him.

The defendant, Harrington, demurred to the whole bill, and assigned the following causes, viz :

1. That it does not appear that the orator has any right to call *Harrington* to account.

2. That it does not appear that the orator has any interest in the land or notes.

3. That the representatives of *William C. Harrington* have an interest, and ought to have been made parties.

*Adams*, in support of the demurrer, contended, that the orator had not disclosed sufficient in his bill to entitle him to any relief in this Court. He has no interest in the subject. It is stated in the bill, that *William C. Harrington* handed over the notes to the orator, but as the notes appear not to have been endorsed

5

Chittenden,
December,
1826.

King
vs.
Harrington
et al.

either by *William C. Harrington* or *Tuttle*, no interest passed thereby to the orator, and the executors of *William C. Harrington*, of whom *I. R. Harrington* is one, have a right to contest the interest of the orator. *I. R. Harrington*, as one of the executors of *William C. Harrington*, had a right to take a deed from *Josiah King*, as is stated in the orator's bill, and to discharge *Josiah King* from the payment of said notes. It will not be denied but what *William C. Harrington* or his executors has the same right to receive the payment of these notes and to discharge *King*, as *Thaddeus Tuttle* or the orator, and that payment to *William C. Harrington* or his executors, will fully exonerate Josiah King.

The averment in the bill, that the notes were *handed over* by Harrington to the orator, is wholly immaterial, and therefore is not acknowledged by the demurrer.

2. As no interest ever passed to the orator in the notes, the assignment of *Tuttle*, even if regular, conveyed nothing. The mortgage was executed for the purpose of securing payment of the notes, and the title of the mortgaged premises must remain with the legal interest of the notes. If the orator cannot sustain a suit at law for the recovery of the money due upon the notes, it is difficult to see how he could maintain an action of ejectment upon this mortgage, to recover possession of the land. The mortgage is but personal property; it follows the notes, and when they are paid, will become inoperative.

It is also contended, that the interest of *Tuttle* has not been assigned to the orator. It is alleged that *Tuttle*, by an *instrument, signed*, &c. did assign his moiety, but what instrument it is we are not informed, and whether it has any of the requisites of a deed, is left to conjecture.

3. If the notes had been assigned to the orator and *Tuttle's* assignment of the mortgage was regular, he cannot maintain this suit alone. His title is only that of a tenant in common with the executors of Harrington. If they refuse to admit him into possession with them, he can bring his ejectment; or, if he chooses to consider it as a reception by them of the whole amount and compel them to account, that remedy is open to him.

*Thompson*, in reply. In answer to the first objection, he contended, that by virtue of the assignment of *Tuttle*, and the payment to *William C. Harrington*, he has the legal title to the mortgage premises, and consequently a right to call on the mortgagor, the subsequent mortgagees, and all others claiming an interest in the same.

As to the *second* cause of demurrer, it appears that Tuttle assigned his interest in the notes and mortgage to the orator, and such interest necessarily vested in the orator. When Wm. C. Harrington received his moiety of the amount of the notes, and gave them up to the orator, he as effectually divested himself of his interest in the mortgage as if he had in terms and form released. The condition, so far as he was concerned, was performed.--*Green & Johnson* vs. *Hart*, 1 *Johns. R.* 580.--*Mer-*

*sereau* vs. *Runyar*, 11 *Johns.* 538.—*Jackson* vs. *Davis*, 18 *Johns.* 7.—2 *Burr.* 978.

If *William C. Harrington's* interest was not revested in the mortgagor, the delivery of the notes to the orator carried with them all the interest which he had in the mortgaged premises. —1 *Johns.* 580.—2 *Burr.* 978.

The *third* cause of demurrer is unsupported, because it does not appear that *William C. Harrington* left any representatives. If there are any, their ancestor having parted with his interest, left none to them, and they could not be made parties.

The demurrer is *argumentative* and bad, because it sets forth a supposed fact, not appearing upon the bill, in alleging the interest of Wm. C. Harrington's representatives.—*Cooper's Pl.* 227.

HUTCHINSON, Chancellor, pronounced the following opinion of the Court.

The object of this bill is to foreclose the equity of redemption of certain premises, mortgaged by said *Josiah King*, to *William C. Harrington*, now deceased, and one *Thaddeus Tuttle*. The orator claims to be assignee of said *Tuttle* of his half of the premises, and sets forth in his bill, that the mortgagor paid to said *William C. Harrington*, in his life time, his half of the mortgage money; and the said *Isaac R. Harrington* is made a defendant in the bill, because he has since received a mortgage deed from *King*, the mortgagor, of the same premises. *King*, the mortgagor, has neglected to appear, and the bill has been taken as confessed, with regard to him. The other defendant, *Harrington*, has demurred to the whole bill, for want of parties and for want of equity.

It is objected that the orator has not shown himself to have a sufficient conveyance of *Tuttle's* half of the premises. On reference to the bill, we find it alleged, that before any payment of any part of said mortgage money, to wit, on, &c. the said *Tuttle* for the consideration of one half of the amount of said notes, contained in said mortgage, paid to his full satisfaction, by the orator, did give, grant, convey and assign over to the orators, his heirs and assigns, his the said *Tuttle's* moiety of said mortgaged premises, with the appurtenances, free and clear of all incumbrances, by an instrument, signed, sealed and acknowledged by the said Thaddeus, in due form of law, and here ready to be produced in Court. The recital of this part of the bill sufficiently answers the objection. It shows a full conveyance to the orator, of all *Tuttle's* interest in the premises, which is a right to hold the premises till the money secured upon the mortgage is paid.

It is alleged, however, that the bill contains no averment that the assignment was recorded. That is not necessary to be averred. It is not essential to the right, but only regards the question of notice. And it is sufficient, if it appear in proof. But it does not appear, that the fact of recording is important, as between these parties, while there is no pretence of payment to

Chittenden,
December,
1826.

King
vs.
Harrington
et al.

any person. If *Harrington* disclosed in his answer a payment to *Tuttle*, without notice of the assignment, that would present a very different consideration.

It is further objected, that the notes do not appear to have been assigned to the orator. The bill alleges that, after the above assignment of Tuttle to the orator, and after William C. Harrington had received from the mortgagor the payment of one half of said notes, so that all his interest in the same was discharged, the said William C. Harrington delivered the same notes to the orator. If this objection means any thing, it is, that there should be an assignment or conveyance of the notes written upon them, or some writing, describing them as the object of the assignment. The Court consider this unnecessary, provided there be a *bona fide* sale and delivery of the notes to him to whom the interest of the mortgage in the land is assigned. That appears to have been done in this case. Moreover, the assignment by the mortgagee of his mortgage interest, does, of itself, convey the right to receive the payment on the notes described in the mortgage. The possession of the notes is necessary to rebut the presumption of payment which would result from their absence, but is not essential to convey the right. *Tuttle* could not have received the pay on these notes after he had assigned the mortgage to the orator, and before the orator received the notes from *William C. Harrington*, without making himself liable to the orator for the amount, as for money received to his use. Then surely neither the mortgagor nor his assignee can complain that the assignment is not shown in the bill to be sufficiently complete.

It is further objected, that all this does not entitle the orator to sue alone. The Court consider that, describing *William C. Harrington* as late of Burlington, deceased, is a sufficient averment of his death, to present the orator as assignee of the survivor of the payees. But that is not all; he shows himself alone to have an equitable interest in the notes and mortgage. He shows himself entitled to receive all the money now due upon the same. It is therefore proper that he should have a decree that the mortgage be paid to him, or the equity of redemption be foreclosed. It is true the executors of *William C. Harrington* hold one half the right of the mortgagees; but that is only a trust estate for the benefit of the orator, and, should they intermeddle with the estate, a bill would compel them to execute their trust by quitting their legal estate to the orator.

The demurrer is, therefore, overruled, and the defendant, *Harrington*, must answer over.

Prentiss, J. absent, by reason of indisposition.

*J. C. Thompson*, for the orator.

*Chs. Adams*, for the defendant, Harrington.